Essex County Orphans Court—In re Ahrend.

ESSEX COUNTY ORPHANS COURT.

In the matter of the estate of HERMAN AHREND, deceased.

[Decided July 21st, 1925.]

Trustees—Executors—Accounting—Estate's Funds Invested in Real Estate, Bought For Purpose of Home For Widow of Decedent, Mother of Both the Trustee and the Exceptant—Title to Property Placed in Widow's Name—Previous Informal Accounting in which All Beneficiaries Signed Acceptance—Exceptant, One of the Signers, Now Objects—Orphans' Court Without Jurisdiction to Direct Reconveyance—Trustees Must Invest Funds as Directed by Statute, No Provision For Investment in Real Estate—Exception Allowed.

On exceptions to account.

*Mr. Theodore G. Hindenlang,* proctor for the accontants.

*Mr. Fred G. Slickel, Jr.,* proctor for the exceptant.

KOCHER, ADVISORY MASTER.

Herman Ahrend, late of the county of Essex, deceased, left a last will and testament, which was duly admitted to probate by the surrogate of the said county of Essex on the 15th day of January, 1917, wherein and whereby he gave certain factory property, owned by him, to his son Henry, and the residue of his estate to his wife, Anna, for life, with remainder to his children, Henry, Annie, Johanna, Lizzie, Augusta and Ada, and wherein he appointed his son Henry and his wife, Anna, executors thereof.

The said executors did not file any account until the 4th day of March, 1925, to which account various exceptions were taken by testator's daughter Ada, who is not on friendly terms with her brothers and sisters. Among the items excepted to is one wherein accountants pray allowance for the sum of $10,514.31, expended by them for the purchase of a house and lot on Treacy avenue, Newark, New Jersey.

Essex County Orphans Court—In re Ahrend.

It is settled that trustees must invest the trust funds as directed by statute, and that they may not purchase real estate. *Smith* v. *Robinson, 83 N. J. Eq. 384.* The accountants, however, attempt to justify such investment by putting in evidence an informal accounting had between the executors and all parties in interest, at the end of which accounting appears the following: "We, the undersigned, being all of children of Herman Ahrend, deceased, do hereby declare that we having read the foregoing account, do accept the same as being true and just, both as to the charges and discharges thereof, and that we do hereby waive the filing of the said account in the office of the surrogate of Essex county." This was signed by all of the children of Herman Ahrend. This account contained the same item reciting the purchase of real estate now before the court, and it is contended on the part of accountants that, having approved the account containing this item, exceptant, who is one of the children of the testator and who signed the informal account, is now estopped from objecting to this item.

I do not think, however, that this contention can be successfully sustained, in view of the fact that the executor, himself, as well as all his brothers and sisters, except Lizzie, those friendly with exceptant as well as those unfriendly, testified that the intention of all concerned was that the house was purchased for the purpose of providing their mother with a home during her lifetime, and that the property was to revert to the estate of the testator upon the death of their mother, and that they signed the above-mentioned informal account with that understanding, whereas, in fact, the title to the property in question was taken in the name of the widow, so that she now holds the fee-simple with power of disposing of same upon her death. Herman says that he placed the title in his mother because he was so advised by a member of the bar who is now deceased. However that may be, it would appear that any intelligent layman must know that he cannot take funds of an estate and purchase property placing the title thereto in the tenant for life. The situation presented in this case is so unusual that it has been impossible to find

cases even remotely bearing upon the subject. The case of *Woodruff* v. *Lounsberry, 40 N. J. Eq. 545* (at the bottom of *p. 549*), is, however, illustrative of the point.

The fundamental principle in regard to a trustee, whether an executor, administrator or guardian, is that he shall derive to himself no gain, benefit or advantage by the use of the trust funds. Whatever profit may be made or may accrue shall apply to and become a parcel of the estate. *Voorhees* v. *Stoothoff, 11 N. J. Law 145.*

Of course, this court has no jurisdiction to order the executor to obtain a conveyance of the property from his mother to the estate, or to hold that the mother holds the title in trust for the estate, and, even though it had, there are other complications which would effectually prevent this simple solution of the problem. The accountant testified that he had expended a considerable sum of his own money on the property in constructing a garage thereon and other improvements, amounting in all, as I recall, to $4,000 or thereabouts. In order to secure this money he had his mother, the holder of the title, convey him a one-half interest therein, and later on in a proceeding in the court of chancery, to which only he and his mother were parties, the title being in his mother, the deed to him was set aside and a lien imposed upon the property for the amount which he alleges he expended. This being so, the property is encumbered by this lien.

It would appear that the only solution is to allow the exception and to surcharge the executor with the amount thereof and such additional sum as shall equal the present value of the property.